UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                        Case No. 21-cv-20479
                        Honorable Gershwin A. Drain

v.

DONTEZ DWIGHT CUNNINGHAM,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT [#22], SETTING NEW DATES AND FINDING THE ENDS OF JUSTICE WILL BE SERVED BY GRANTING A CONTINUANCE EXCLUDING CERTAIN DATES FROM THE SPEEDY TRIAL CLOCK

## I.    INTRODUCTION

On July 21, 2021, the grand jury returned an Indictment against Defendant Dontez Dwight Cunningham charging him with illegal receipt of a firearm while under indictment in violation of 18 U.S.C. § 922(n).  Now before the Court is the Defendant's Motion to Dismiss Indictment, filed on August 13, 2021.  Defendant argues the Indictment must be dismissed because it fails to state an offense because he was not "under indictment" within the meaning of § 922(n) while he was serving a term of probation under the Holmes Youthful Trainee Act, MICH. COMP. LAWS § 762.11 ("HYTA").  Alternatively, he argues 18 U.S.C. § 922(n) violates

due process because it does not provide fair notice that an individual subject to a deferred conviction is still "under indictment" for purposes of the statute.

On September 3, 2021, the Government filed a Response in Opposition arguing Defendant's argument is wholly inconsistent with the purposes of HYTA, a deferred judgment program, and pointing to the dearth of authority supporting Defendant's position.   Defendant has failed to file a Reply brief and the time for doing so has expired.  *See* E.D. L.Cr.R. 12.1(a); E.D. Mich. L.R. 7.1(e)(2)(B).

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Defendant's Motion to Dismiss Indictment on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons discussed below, the Court will deny Defendant's Motion to Dismiss Indictment.

## II.    FACTUAL BACKGROUND

In August of 2018, Defendant was charged in the Wayne County Circuit Court with carrying a concealed weapon in violation of MICH. COMP. LAWS § 750.227.  On October 16, 2018, Defendant entered a guilty plea and was sentenced to 18 months' probation under HYTA.  Defendant's term of probation was set to expire on May 11, 2020; however, his probation was extended to October of 2021 after he was arrested and charged with carrying a concealed weapon.

On October 1, 2020, federal agents and task force officers executed a federal search warrant at an apartment in Warren where Defendant's girlfriend lives and where Defendant regularly stayed. Both Defendant and his girlfriend were at the apartment during the execution of the search warrant. Inside the apartment, officers found documents related to Defendant's HYTA probation on the refrigerator, as well as his clothing and other belongings. In the bedroom, officers found two loaded firearms under the bed. Specifically, one American Tactical Industries, AR pistol, model Omni Hybrid, 5.56 caliber, with a 45-round drum magazine inserted into the weapon. The magazine was loaded with eleven rounds and another round loaded in the chamber. Additionally, officers recovered a D-Technik, SA VZ 61, .32 caliber pistol loaded with 16 rounds in the magazine and another round in the chamber. Marijuana and twenty more rounds of ammunition were also found in Defendant's jacket. In the living room, the officers discovered a box for another firearm and a digital scale with marijuana residue.

The Indictment alleges in pertinent part that "[o]n or about September 2020 . . . [Defendant] knowing he was then under indictment for a crime punishable for a term exceeding one year . . . did knowingly and willfully receive firearms," including the 5.56 caliber American Tactical Industries AR pistol and the .32 caliber D-Technik pistol. ECF No. 1, PageID.58. Defendant filed his present motion to dismiss on August 13, 2021.

### III.   LAW & ANALYSIS

Dismissal of a criminal charge is appropriate if the indictment fails to state an offense.  Fed. R. Crim. P. 12(b)(3)(B)(v).  "[T]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Landham*, 251 F.3d 1072, 1079-80 (6th Cir. 2001) (quotation omitted).  An indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  *Hamling v. United States*, 418 U.S. 87, 117 (1974).

On a motion to dismiss, courts "do not evaluate the evidence upon which the indictment is based."  *Landham*, 251 F.3d at 1080.  The legal sufficiency of the indictment is a question of law.  *Id.*  Criminal statutes "must be strictly construed, and any ambiguity must be resolved in favor of lenity."  *United States v. Emmons*, 410 U.S. 396, 411 (1973).

Defendant maintains the Indictment must be dismissed because an individual assigned HYTA probationary status under MICH. COMP. LAWS § 762.11 is not "under indictment" within the meaning of § 922(n).  Conversely, the Government argues an individual on HYTA probationary status is "under indictment" because he or she faces an active criminal charge—without any formal

adjudication of guilt or judgment entered.  The Court agrees with the

Government's position.

Defendant acknowledges the Sixth Circuit Court of Appeals has not

addressed this issue and that the majority of courts that have addressed it, including

in this district, determined probationary status under HYTA, or similar states'

statutes, qualifies as "under indictment" for purposes of § 922(n).  *See United*

*States v. Whitehead*, No. 20-cr-20038, 2020 U.S. Dist. LEXIS 206001, at *7-8

(E.D. Mich. Nov. 4, 2020) (Borman, J.)(concluding the defendant remained under

active criminal charges while on HYTA trainee status, without any formal

adjudication of guilt or judgment having been entered); *see also United States v.*

*Hawkins*, No. 19-20155, 2020 U.S. Dist. LEXIS 5817, *5 (E.D. Mich. Jan. 14,

2020)(Parker, J.) ("[A]n individual assigned to 'youthful trainee' status under the

HYTA is 'under indictment' for purposes [of] 18 U.S.C. § 922(n)."); *see also*

*United States v. Saiz*, 797 F.3d 853 (10th Cir. 2015); *United States v. Valentine*,

401 F.3d 609 (5th Cir. 2005).  The Court finds the reasoning of these decisions

persuasive, unlike the sole authority advanced by Defendant.  *See United States v.*

*Hill,* 210 F.3d 881, 884 (8th Cir. 2000).

Individuals in Michigan who commit an offense on or after their seventeenth

birthday but before their twenty-fourth birthday may be assigned to the status of

youthful trainee under the terms of the HYTA.  *See* MICH. COMP. LAWS §

762.11(1).  Michigan courts describe HYTA as "a juvenile diversion program for criminal defendants under the age of 21."  *People v. Dipiazza*, 286 Mich. App. 137, 778 N.W.2d 264, 266 (Mich. Ct. App. 2009); *see also Adams v. United States*, 622 F.3d 608, 611 (2010) (finding the public policy behind the Michigan law to "give youthful offenders a chance to wipe their records clean provided that they do not violate their status as youthful trainees.") (internal quotation marks omitted).

Under HYTA, an eligible defendant may plead guilty to the charged offense without a formal adjudication of guilt.  Instead, the charge remains pending, and the actual judgment deferred until the completion of the HYTA probationary period.  MICH. COMP. LAWS § 762.11; *Hawkins*, 2020 U.S. Dist. LEXIS, at *4; *Whitehead*, 202 U.S. Dist. LEXIS 206001, at *4.  Upon completion of the probationary period, the court may revoke the youthful trainee status and an adjudication of guilt is entered and a sentence is thereafter imposed.  MICH. COMP. LAWS § 762.12(2).   If the court does not revoke or terminate the youthful trainee status, the court must "discharge the individual and dismiss the proceedings."  *Id.*

The Michigan statute at issue here is similar to the Texas and New Mexico statutes that likewise defer adjudication of guilt, and thus, a conviction.  *See Saiz*, 797 F.3d at 854; *Valentine*, 401 F.3d at 615.  In *Valentine*, the Fifth Circuit concluded that a defendant was "under indictment" while on deferred adjudication status with the state of Texas.  *Id*. In *Saiz*, the defendant entered a guilty plea to

multiple state charges that were subject to being conditionally discharged under a New Mexico deferred judgment program.  *Id*.

Similar to the implications under HYTA, the *Saiz* defendant would be able to have his state charges dismissed if he successfully completed the terms of his probationary period.   However, the *Saiz* defendant committed additional firearms offenses during his probationary period.  *Id*.  The *Saiz* defendant was subject to an enhanced sentence because he was a prohibited person at the time of the offense due to being "under indictment" for purposes of 18 U.S.C. § 922(n).  *Id*.  On appeal, the Tenth Circuit concluded the sentencing enhancement was proper because a defendant participating in such a probation program subject to the terms and conditions of his conditional discharge is "under indictment."  *Id*. at 859.

The *Saiz* court also rejected the reasoning of the Eighth Circuit Court of Appeals' decision in *United States v. Hill*, 210 F.3d 881, 884 (8th Cir. 2000), the sole authority relied upon by Defendant.  *See Saiz*, 797 F.3d at 855-56.   In *Hill*, the Eighth Circuit held a defendant who pleaded guilty and received a suspended sentence was not "under indictment" for purposes of § 922(n).  210 F.3d at 884. Interpreting Missouri law, the *Hill* court reasoned that the primary purpose of the indictment is to give fair notice of the charges and, therefore, once the defendant entered a guilty plea and admitted the allegations in the indictment, the indictment was thereby "extinguished."  *Id*.   Contrarily, the *Saiz* defendant's conditional

discharge was neither an adjudication of guilt nor a conviction.  797 F.3d at 855-56.  Because the defendant in *Saiz* had not had his state charges finally disposed of when he picked up federal charges, he remained under indictment.  *Id*.  Similarly, the Fifth Circuit rejected *Hill* concluding a person participating in a deferred adjudication program was "under indictment."  *Valentine*, 401 F.3d 615-16. Michigan's HYTA is a similar deferred adjudication statute like the statutes at issue in *Valentine* and *Saiz*.  Defendant was therefore "under indictment" within the meaning of § 922(n) at the time he picked up the instant federal charges because his HYTA probationary status was not an adjudication of guilt and he still faced an active charge.

Defendant also argues that § 922(n) violates the due process clause because it failed to provide him with sufficient notice of the conduct it prohibits. Unconstitutionally vague statutes are those that are not subject to reasonable interpretation.  *Grayned v. City of Rockford*, 408 U.S. 104, 112 (1972); *Parker v. Levy*, 417 U.S. 733, 756-57 (1974); *see also United States v. Roman*, 795 F.3d 511, 515-16 (6th Cir. 2015). "Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988).

The Court finds § 922(n) is sufficiently definite to allow a reasonable person to know he may not receive firearms while under HYTA probationary status because he still faces active charges that have not been dismissed, expunged, or otherwise favorably disposed of.  At the very least, § 922(n) informs an ordinary person that, if he has an undismissed felony charge and receives a firearm, such conduct puts him at risk.  *See United States v. Bonds*, No. 2:16-CR-34-WCO-JCF, 2017 U.S. Dist. LEXIS 109543 (N.D. Ga. Mar. 10, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 109080 (N.D. Ga. Jul. 13, 2017) (rejecting vagueness challenge to 18 U.S.C. § 922(n)).

In this case, the Indictment tracks the language of § 922(n), which is unambiguous.  Defendant argues a circuit split as to whether individuals under HYTA are "under indictment" under § 922(n) demonstrates an ambiguity in the statute.  Defendant's assertion is not well taken.  There are at least four judges in this district who have considered this issue and concluded individuals on HYTA probationary status are "under indictment" for purposes of § 922(n).  *See Hawkins*, 2020 U.S. Dist. LEXIS 5817, at *5; *Whitehead*, 2020 U.S. Dist. LEXIS 206001, at *7-8; *United States v. Bryant*, Case No. 19-20134, ECF No. 27, Hr'g Tr., PageID.140-43 (E.D. Mich. Apr. 30, 2019) (denying motion to dismiss § 922(n) charge; concluding individuals on HYTA probation are under charges and therefore "under indictment," that the federal statute is unambiguous, and the rule

9

of lenity does not apply) (Friedman, J.); *United States v. Reed*, Case No. 21-20001, ECF No. 31, Hr'g Tr., PageID.228 (E.D. Mich. Mar. 23, 2021) (finding participation in HYTA probation program meant the defendant continued "under indictment" and 18 U.S.C. § 922(n) was appropriately charged) (Edmunds, J.). Additionally, both the Fifth and Tenth Circuit Courts of Appeals, similar to the four judges in this district who have considered the issue, have soundly rejected the reasoning of the Eighth Circuit Court of Appeals in *Hill*. *See Valentine*, 401 F.3d 615-16; *Saiz*, 797 F.3d at 855-56;

Finally, the rule of lenity does not apply because § 922(n) is not ambiguous. "Courts apply the rule of lenity to resolve ambiguities in favor of a defendant when a criminal statutory term is ambiguous and cannot be clarified by the statute's history or structure." *United States v. Booth*, 551 F.3d 535, 541 (6th Cir. 2009). The rule of lenity applies only in cases where there is a "grievous ambiguity or uncertainty in the statute." *Muscarello v. United States*, 524 U.S. 125, 139 (1998) (quotations and citations omitted); *see Bonds*, 2017 U.S. Dist. LEXIS 109543, at *7 (finding no grievous ambiguity in § 922(n)'s term "under indictment."); *Bryant*, Case No. 19-20134, ECF No. 27, PageID.140-43 (concluding 18 U.S.C. § 922(n) is unambiguous and the rule of lenity does not apply).

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss [#22] is DENIED.

The following dates shall govern in this matter:

- Plea Hearing/FINPTC:    November 9, 2021 at 10:00 a.m.

- Jury Trial:   November 30, 2021 at 9:00 a.m.

The practices and procedures set forth in this Court's July 23, 2021 Criminal Trial Notice and Scheduling Order shall remain in effect.   *See* ECF No. 19, PageID.62.

Finally, the Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).  Defendant will need sufficient time to review the discovery and prepare for trial.  As such, the Court HEREBY GRANTS a continuance excluding August 13, 2021 through November 30, 2021 from the Speedy Trial Clock.  Thus, without a continuance and necessary time to prepare, a miscarriage of justice will likely occur and/or will deny the Defendant the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

SO ORDERED.

Dated:  October 19, 2021                          /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 19, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager